**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| VIRGIL MITCHELL, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 20-00406-CG-B |
| | * | |
| WISE CONSTRUCTION, | * | |
| | * | |
|     Defendant. | * | |

<u>**REPORT AND RECOMMENDATION**</u>

This action is before the Court on Defendant Wise Construction LLC's[1] motion to dismiss Plaintiff Virgil Mitchell's second amended complaint (Doc. 13). The motion, which is ripe for resolution, has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Defendant's motion be **GRANTED**, and that Plaintiff's second amended complaint be **DISMISSED** without further leave to amend.

---

[1] The operative second amended complaint lists "Wise Construction" as the Defendant in the caption and states that the company is an "LLC General Contractor." (Doc. 9 at 1). Defendant's motion to dismiss clarifies that the company's proper name is Wise Construction LLC. (<u>See</u> Doc. 13).

## I. BACKGROUND

### A. Original Complaint (Doc. 1).

Plaintiff Virgil Mitchell ("Mitchell"), proceeding *pro se*, initiated this action on August 14, 2020 by filing an employment discrimination complaint against Defendant Wise Construction LLC ("Wise Construction"). (Doc. 1). In his one-paragraph, handwritten complaint, Mitchell alleged the following:

> Back about Feb 7, 2020 I was employed with Wise Construction maybe a total of 6 mo. At the time, I was <u>discriminated</u> against and treated diffirent [sic], made to do <u>master carpenter</u> skilled work without the master carpenter skilled pay. My car was broken into and their [sic] was pic or <u>articles</u> of slaved like people with chains on their hands feet and some on their necks. I filed a statue [sic] of discrimination with <u>EEOC</u>, now they have givin [sic] me a right to sue. I would like to continue with this also honstly [sic].

(<u>Id.</u> at 1) (underlines in original). Mitchell attached to his complaint a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") dated August 10, 2020. (<u>Id.</u> at 2-3).

### B. First Amended Complaint (Doc. 3).

After reviewing Mitchell's initial pleading, the undersigned ordered Mitchell to re-file his complaint using this Court's form complaint for civil actions alleging employment discrimination. (Doc. 2). Accordingly, Mitchell filed his first amended complaint utilizing the Court's employment discrimination complaint form. (Doc. 3).

In his first amended complaint, Mitchell indicated that he was bringing claims for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). (See id. at 2). Mitchell stated that the acts complained of consisted of: (1) failure to promote him, and (2) other acts, which he described as:

> Discrimination, not payed [sic] enough, and was made to work alone at skilled labor <u>without the pay of it</u>, and was payed [sic] less than others that should have helped me. Also my car was broken into, and articles of slave like people was placed in my car.

(Id. at 1) (underline in original). Mitchell identified "Mr. Wise owner" and "Ron supervisor" as the individuals who allegedly discriminated against him during his employment with Wise Construction. (Id. at 2).

**C. The Court's December 8, 2020 Order (Doc. 8).**

In an order dated December 8, 2020, the Court granted Mitchell leave to proceed *in forma pauperis* and conducted an initial screening of his first amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 8). Upon review, the Court found that Mitchell's first amended complaint failed to state a claim upon which relief could be granted. (Id. at 2).

With regard to Mitchell's Title VII race discrimination claims, the Court found that Mitchell's allegations did not plausibly suggest that he suffered intentional racial discrimination with respect to compensation or promotions. (Id. at 10). The Court noted that Mitchell's complaint failed to identify Mitchell's race or the races of the individuals who allegedly discriminated against him. (Id. at 10-11). The Court further noted that Mitchell failed to allege facts in support of his putative failure-to-promote claim, and that he offered no facts plausibly connecting his allegedly insufficient compensation to his race (or any other protected characteristic). (Id. at 11-13). The Court also found that although Mitchell had alleged that his car was broken into and "articles of slave like people" were placed in it, he had failed to state a viable claim for a racially hostile work environment for a number of reasons. (Id. at 13-16).

The Court further noted that Mitchell's first amended complaint contained no factual allegations suggesting discrimination on the basis of age or disability that would support claims under the ADA or ADEA. (Id. at 16-18). Finally, the Court stated that to the extent Mitchell sought to name "Ron" and/or "Mr. Wise" as Defendants, doing so was unnecessary and redundant because Mitchell had already named his employer, Wise Construction, as a Defendant. (Id. at 18-19).

4

Rather than recommending dismissal, the Court granted Mitchell leave to file a second amended complaint in order to correct the deficiencies addressed in the Court's order. (Id. at 20). The Court warned Mitchell that if his second amended complaint did not state a claim upon which relief could be granted, this action would be subject to dismissal. (Id. at 21).

**D.  Second Amended Complaint (Doc. 9).**

In response to the Court's order, Mitchell filed a second amended complaint, which is now his operative pleading.[2] (Doc. 9). The caption of Mitchell's complaint lists "Wise Construction" as the Defendant, but in the body of the complaint, Mitchell lists "Ron and Mr. Wise" as Defendants, in disregard of the Court's admonishment that naming individual defendants was unnecessary and redundant under the circumstances of this case. (Id. at 1; see Doc. 8 at 18-19). Mitchell indicates that he is bringing claims under Title VII,[3] the ADA, and the ADEA. (Doc. 9 at 2). According to Mitchell, the acts complained of in this suit concern: (1)

---

[2] For the sake of brevity, the Court will hereinafter refer to Mitchell's operative second amended complaint (Doc. 9) as the "complaint."

[3] In contrast to the first amended complaint, where Mitchell checked the box next to race discrimination only (see Doc. 3 at 2), Mitchell's second amended complaint indicates that he is bringing Title VII claims for race and color discrimination. (See Doc. 9 at 2).

termination of his employment, (2) failure to promote him, and (3)
other acts, which he describes as:

> Being made to work alone at skilled labor without the
> pay, being called racis [sic] names, being paid less
> than others; Also my car was broken into having placed
> slave like articles of men with chains on their feet and
> hands also neck.  Being fired without a cause, my work
> was good and always came to work I see no cause to be
> fired, except being colored.

(Id. at 1).

When prompted on the form complaint to list the name, race,
sex, and position or title of each individual who allegedly
discriminated against him, Mitchell lists: "Ron (supervisor) Mr.
Wise (owner) the welders Mike and his sons."  (Id. at 2).  When
asked to describe how those individuals discriminated against him
with respect to the conditions of his employment, Mitchell states:

> [F]rom 9-11-19 to 2-7-20 at Wise Construction I was very
> loyal in terms of my appearance, and my work abilities.
> But it seem [sic] the supervisor Ron also Mr. Wise and
> the (welders) Mike and his son's [sic] didn't think so.
> They discriminated against me because of my race and
> color, not allowing me to grow in employment with Wise
> Construction.

(Id. at 3).  Mitchell indicates that he seeks the following relief:
back pay, damages, costs, and attorney's fees.[4]  (Id.).

**E.  Wise Construction's Motion to Dismiss (Doc. 13).**

After being served with Mitchell's lawsuit, Wise Construction
filed the instant motion to dismiss Mitchell's complaint pursuant

---

[4] As noted *supra*, Mitchell is proceeding *pro se*.

to Federal Rule of Civil Procedure 12(b)(6). (Doc. 13). In response, Mitchell filed "Motion[s] to Object" (Docs. 18, 21), which the Court construes as responses in opposition to the motion to dismiss. Wise Construction's motion is now ripe for resolution.

## II. <u>STANDARDS OF REVIEW</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss a complaint on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Little v. City of North Miami</u>, 805 F.2d 962, 965 (11th Cir. 1986) (per curiam) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)). When considering a motion to dismiss, a court must accept the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>St. George v. Pinellas County</u>, 285 F.3d 1334, 1337 (11th Cir. 2002). However, the court is not required to accept as true a plaintiff's legal conclusions. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While detailed factual allegations are not required, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (last brackets in original). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id. at 570.

When considering a *pro se* litigant's pleadings, a court gives them a liberal construction, holding them to a less stringent standard than those drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## III.  **DISCUSSION**

### A.    **Title VII Race Discrimination Claims.**

As noted *supra*, Mitchell indicates that he is seeking to raise claims under Title VII for race discrimination in employment.  (See Doc. 9 at 2).  As best the Court can discern, Mitchell is attempting to assert claims for race discrimination in compensation, promotions, and termination, and a claim for a racially hostile work environment.

Title VII provides, in relevant part, that it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  "An employee can establish a [Title VII] violation in either one of two ways: (1) through a tangible employment action—e.g., a demotion; or (2) 'through creation of a hostile work environment caused by [ ] harassment that is sufficiently severe or pervasive to alter the terms and conditions of work.'"  Jones v. City of Lakeland, 318 F. App'x 730, 735 (11th Cir. 2008) (per curiam) (citing Baldwin v. Blue Cross/Blue Shield of Ala., 480 F.3d 1287, 1300 (11th Cir. 2007)).

"To state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true)

to suggest intentional race discrimination.'"  Surtain v. Hamlin
Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam)
(citations omitted).  A Title VII "complaint 'need not allege facts
sufficient to make out a classic McDonnell Douglas prima facie
case'" but must simply include factual allegations that "plausibly
suggest that the plaintiff suffered an adverse employment action
due to intentional racial discrimination."  Id. (citations
omitted); see also Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253
(11th Cir. 2017) ("A Title VII complaint need not allege facts
sufficient to make out a classic *prima facie* case, but must simply
provide enough factual matter to plausibly suggest intentional
discrimination."), abrogated on other grounds by Bostock v.
Clayton County, 140 S. Ct. 1731 (2020).

Wise Construction asserts that Mitchell's claims that he was
discriminated against on the basis of race are due to be dismissed,
most notably because Mitchell still has not identified his own
race or the races of the individuals alleged to have discriminated
against him, despite being explicitly instructed by the Court to
do so.  (Doc. 13 at 10-11).  However, a review of Mitchell's
complaint reveals that, unlike his prior pleadings, Mitchell's
operative complaint alleges that he is "colored."  (See Doc. 9 at
1).  Despite Mitchell's use of a largely antiquated term, the Court
finds, in light of his *pro se* status, that Mitchell was attempting
to allege his race.  As noted by Wise Construction, Mitchell has

not provided the races of the individuals who allegedly discriminated against him, despite being directed to do so more than once. (See Doc. 3 at 2; Doc. 8 at 11; Doc. 9 at 2). But even assuming *arguendo* that the Court were to liberally construe Mitchell's allegations to suggest that "Ron", "Mr. Wise", and "the welders Mike and his sons" are of a different race than Mitchell, the complaint still does not plausibly suggest intentional discrimination on the basis of race.

The only allegations in the complaint that involve or potentially involve race are Mitchell's allegations that he was "called racis[t] names"; that his "car was broken into having placed slave like articles of men with chains on their feet and hands also neck"; that Ron, Mr. Wise, and the welders "Mike and his sons" "discriminated against [Mitchell] because of [his] race and color, not allowing [him] to grow in employment with Wise Construction"; and that Mitchell "see[s] no cause to be fired, except being colored." (See Doc. 9 at 1, 3). Mitchell's assertions are too vague, general, and conclusory to support a plausible inference that he suffered unlawful employment discrimination based on race.

As alleged, Mitchell's assertion that he was "called racis[t] names" is purely conclusory, and as such, it is not sufficient to support his discrimination claims. Without any factual enhancement, such as the particular language used, the context of

the statements, the frequency of the statements, or the identities of the individuals making the allegedly racist statements, Mitchell's threadbare allegation is too vague and conclusory to support a discrimination claim. See Trujillo v. City of New York, 2016 U.S. Dist. LEXIS 194168, at *36, 2016 WL 10703308, at *14 (S.D.N.Y. Mar. 29, 2016) ("[B]ald statements—without any supporting facts—are too conclusory to permit an inference of discriminatory animus."), aff'd, 696 F. App'x 560 (2d Cir. 2017); Brown v. Wake Cty. Gov't, 2017 U.S. Dist. LEXIS 107393, at *14, 2017 WL 2982971, at *6 (E.D.N.C. July 12, 2017) (finding "threadbare allegation that [plaintiff] was 'treated differently' than Hispanic coworkers . . . too vague to state a claim under Title VII"). Mitchell also fails to provide any facts that connect the allegedly "racis[t] names" that were directed at him to any of the adverse employment actions he alleges. See Anderson v. Dolgencorp, 2014 U.S. Dist. LEXIS 68141, at *15-17 n.5, 2014 WL 2051224, at *5 n.5 (M.D. Ala. May 19, 2014) (finding allegations that unspecified Dollar General employees had uttered "racial slurs" to unnamed African-American customers insufficient to sustain an inference that a Dollar General manager's comment on another occasion was racially motivated); cf. Jackson v. United Parcel Serv., Inc., 2013 U.S. Dist. LEXIS 143755, at *37, 2013 WL 5525972, at *12 (N.D. Ala. Oct. 4, 2013) (stating that "[d]iscrimination in the air, so to speak, will not do" and that

"[i]t is discrimination in an employment action adverse to plaintiff that must be shown") (quotation omitted).

Similarly, Mitchell's allegation that his car was broken into and "slave like articles" were placed therein lacks sufficient factual enhancement to support a claim for race discrimination against Wise Construction. Mitchell provides no details, such as when and where this event occurred, that link this incident to his employment with Wise Construction, much less to a tangible employment action such as his firing. Indeed, the complaint is devoid of factual allegations suggesting that any of Mitchell's supervisors or co-workers were aware of this alleged incident, let alone somehow responsible for it.

Mitchell's allegation that Ron, Mr. Wise, and the welders discriminated against him "because of [his] race and color" is conclusory and unsupported, and his assertion that he sees no cause for his firing "[e]xcept being colored" is not sufficient to create an inference that Mitchell's termination was related to his race. See Iqbal, 556 U.S. at 678 (stating that a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting Twombly, 550 U.S. at 557); Brown, 2017 U.S. Dist. LEXIS 107393, at *16-17, 2017 WL 2982971, at *7 ("'[N]aked allegations' of a causal connection between the employee's color, race, religion, or national origin and the alleged discrimination do not state a plausible Title VII claim.");

13

see also Williams v. Anderson, 2012 U.S. Dist. LEXIS 167396, at
*11, 2012 WL 5928644, at *3 (E.D. Va. Nov. 26, 2012) (finding
plaintiff's allegations that a confrontation and statement were
based on the issue of race, without more, to be "nothing more than
conclusory statements representing his personal belief" and
refusing to accept them as factual allegations in support of racial
discrimination claim); McCleary-Evans v. Md. Dep't of Transp.,
State Highway Admin., 780 F.3d 582, 585-86 (4th Cir. 2015) (finding
that plaintiff failed to state Title VII claim when she alleged
"non-Black decisionmakers hired non-Black applicants instead of
the [Black] plaintiff" because, although her allegation was
*consistent with* discrimination, it alone did not support a
reasonable inference that the decisionmakers were motivated by
bias).

With respect to his claim of discrimination in compensation,
Mitchell's relevant allegations are that he was "made to work alone
at skilled labor without the pay" and was "paid less than others".
(See Doc. 9 at 1). However, Mitchell provides no facts identifying
or describing possible comparators that would allow the Court to
infer that any alleged pay disparity was related to race or any
other protected characteristic. Mitchell further fails to allege
any other facts plausibly suggesting that any asserted pay
disparity or insufficiency was related to his race.

To the extent Mitchell seeks to raise a claim based on Wise Construction's failure to promote him, Mitchell's allegations are wholly insufficient to support such a claim. The only allegation in the complaint that is potentially relevant to a failure-to-promote claim is Mitchell's assertion that he was not allowed "to grow in employment with Wise Construction." (See id. at 3). "A plaintiff alleging [he] was wrongfully denied a promotion or transfer must establish, at a minimum, that the desired position was available." Hollings v. Noland Health Servs., Inc., 2013 U.S. Dist. LEXIS 32973, at *13, 2013 WL 978992, at *5 (N.D. Ala. Mar. 11, 2013). Mitchell does not allege that Wise Construction had any positions available and does not identify any vacant position he sought to fill. See Rutstein v. Avis Rent–A–Car Sys., Inc., 211 F.3d 1228, 1238 n.19 (11th Cir. 2000) ("If there never was a job, it would be inappropriate to allow suits against the employer for wrongful rejection."). Further, he does not allege that he applied for, otherwise sought, or even manifested an interest in another position with Wise Construction. Nor does Mitchell indicate that Wise Construction filled or attempted to fill a position with someone outside of his class. Simply put, Mitchell's factual allegations do not suggest that he was denied a promotion, much less that he was denied a promotion because of his race.

To the extent Mitchell seeks to bring a claim for a racially hostile work environment, that claim fails for multiple reasons.

To state a claim for a racially hostile work environment under Title VII, a plaintiff must allege facts suggesting that: (1) he belongs to a protected group; (2) he was subjected to unwelcome racial harassment; (3) the harassment was based on his race; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability. Short v. Immokalee Water & Sewer Dist., 165 F. Supp. 3d 1129, 1141 (M.D. Fla. 2016); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1300 (11th Cir. 2010) (setting forth these elements in the context of 42 U.S.C. § 1981 and noting that Title VII and § 1981 hostile work environment claims have the same elements and are subject to the same analytical framework).

Although Mitchell alleges that he suffered unwelcome harassment when he was called racist names and his car was broken into and "articles of slave like people" were placed in his car, he fails to allege facts that would state a hostile work environment claim. As explained above, Mitchell's unelaborated-upon allegations are too vague and/or conclusory to plausibly suggest intentional racial discrimination by Wise Construction. Notably, Mitchell's allegations afford no basis to hold Wise Construction responsible for the alleged harassment. Employer liability is automatic when a "supervisor's harassment culminates

16

in a tangible employment action, such as discharge, demotion, or undesirable reassignment." Faragher v. City of Boca Raton, 524 U.S. 775, 807-08 (1998). "Where no such action has occurred, '[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee.'" Johnson v. Austal, U.S.A., L.L.C., 805 F. Supp. 2d 1299, 1317 (S.D. Ala. 2011) (quoting Faragher, 524 U.S. at 807). If the harasser is merely a co-employee of the victim rather than a supervisor, liability is imposed only if the employer "knew (actual notice) or should have known (constructive notice) of the harassing conduct but failed to take prompt remedial action." Id. Mitchell's complaint is silent as to who directed, committed, condoned, or was even aware of the alleged acts of harassment. Indeed, the complaint contains no facts that connect the alleged harassment to Wise Construction. Furthermore, Mitchell's vague allegations that his car was broken and that he was called racist names do not plausibly suggest that the alleged harassment was so pervasive and severe that it altered the terms and conditions of employment and created a discriminatory abusive working environment. See Short, 165 F. Supp. 3d at 1141.

For all the reasons stated above, Mitchell's complaint fails to state a claim upon which relief can be granted under Title VII for race discrimination or racially hostile work environment.

**B.    Title VII Color Discrimination Claims.**

As noted *supra*, Mitchell checks boxes indicating that he suffered discrimination on account of his race *and* his color.  (See Doc. 9 at 2).  Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin.  See 42 U.S.C. § 2000e-2(a).  Interpretive guidance by the EEOC makes clear that the terms "race" and "color" in the statute are not synonymous.  Gill v. Bank of Am. Corp., 2015 U.S. Dist. LEXIS 91225, at *10, 2015 WL 4349935, at *4 (M.D. Fla. July 14, 2015); see also Walker v. Sec'y of Treasury, I.R.S., 713 F. Supp. 403, 406 (N.D. Ga. 1989) ("This court is left with no choice but to conclude, when Congress and the Supreme Court refer to race and color in the same phrase, that 'race' is to mean 'race,' and 'color' is to mean 'color.'").

> The EEOC explains: "[t]he courts and the Commission read 'color' to have its commonly understood meaning— pigmentation, the complexion, or skin shade or tone. Thus, color discrimination occurs when a person is discriminated against based on the lightness, darkness, or other color characteristic of the person.  Even though race and color clearly overlap, they are not synonymous. Thus, color discrimination can occur between persons of different races or ethnicities, or between persons of the same race or ethnicity."

Gill, 2015 U.S. Dist. LEXIS 91225, at *10, 2015 WL 4349935, at *4 (quoting EEOC Compliance Manual, Section 15-III, at 950-51 (Apr. 19, 2006)).  Color discrimination "arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as the case where a dark colored African-American individual is

discriminated against in favor of a light-colored African-American individual." Gill, 2015 U.S. Dist. LEXIS 91225, at *11, 2015 WL 4349935, at *4 (quotation omitted). "Merely alleging racial discrimination is insufficient to raise a claim of color discrimination." Atkins v. Denso Mfg. Tenn., Inc., 2011 U.S. Dist. LEXIS 121518, at *27, 2011 WL 5023392, at *10 (E.D. Tenn. Oct. 20, 2011).

Although Mitchell identifies himself as "colored" and alleges discrimination based on color (see Doc. 9 at 1-2), his complaint is devoid of allegations actually describing the pigmentation, complexion, hue, tone, or shade of his skin, and there is nothing in the complaint to suggest that the particular hue of his skin was the cause of the alleged discrimination. Instead, Mitchell appears to conflate race with color and seems to suggest that he suffered discrimination because he is African-American. To the extent this is the correct interpretation of Mitchell's complaint, he has failed to state a claim for color discrimination. See Ghioroaie-Panait v. Rolle, 2018 U.S. Dist. LEXIS 24234, at *8 n.3, 2018 WL 1722395, at *3 n.3 (M.D. Ala. Feb. 13, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 59681, 2018 WL 1719716 (M.D. Ala. Apr. 9, 2018); Atkins, 2011 U.S. Dist. LEXIS 121518, at *27-28, 2011 WL 5023392, at *10. Assuming arguendo that Mitchell's complaint is construed as alleging discrimination based on the tone of his skin rather than simply his race, his

complaint fails to state a claim for color discrimination under Title VII for the same reasons that it fails to state a claim for race discrimination. Thus, Mitchell's Title VII color discrimination claims, to the extent he intends to raise them, are due to be dismissed.

**C. ADA and ADEA Claims.**

As noted *supra*, Mitchell checks boxes indicating that he is asserting claims for disability discrimination under the ADA and age discrimination under the ADEA. (See Doc. 9 at 2). However, despite being informed by the Court that his prior complaint included no factual allegations to support such claims, Mitchell's operative complaint provides no additional facts suggesting that he suffered employment discrimination based on his age[5] or any disability.[6] Although Mitchell alleges that he has physical and mental disabilities and is forty-two years of age (see id.), he does not list his alleged disabilities and provides no facts that

---

[5] To state a claim for age discrimination under the ADEA, a plaintiff must allege, at a minimum, facts that plausibly suggest that the defendant subjected him to an adverse employment action because of his age. Harris v. Acosta, 2018 U.S. Dist. LEXIS 237415, at *21-22, 2018 WL 7080617, at *7 (N.D. Ga. Jan. 9, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 238876, 2018 WL 7082541 (N.D. Ga. Feb. 5, 2018).

[6] "To state a disability discrimination claim, a claimant must allege that [he] was a 'qualified individual' who suffered an adverse employment action because of [his] 'disability' as those terms are defined by the ADA." Equal Emp't Opportunity Comm'n v. STME, LLC, 938 F.3d 1305, 1314 (11th Cir. 2019) (citation omitted).

could conceivably support the inference that he suffered discrimination because of his disabilities or his age. Accordingly, Mitchell's complaint fails to state a claim upon which relief can be granted under the ADA or ADEA.

**D. Individual Liability.**

To the extent Mitchell seeks to name "Ron and Mr. Wise" as Defendants and hold them personally liable for the alleged employment discrimination, the Court again notes that there is no individual liability for violating the employment discrimination provisions of Title VII, the ADEA, or the ADA. See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."); Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (stating that individuals "cannot be held liable under the ADEA or Title VII"); Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (per curiam) (stating that because the ADA's definition of "employer" is similar to that under Title VII and the ADEA, neither of which countenance individual liability, "individual liability is precluded for violations of the ADA's employment discrimination provision"). Thus, neither "Ron" nor "Mr. Wise" can be held individually liable for violations of Title VII, the ADEA, or the ADEA.

While claims may be brought against agents of an employer in their official capacities, suing "Ron" or "Mr. Wise" in their official capacities would be, in effect, merely another way of suing Mitchell's employer, Wise Construction. See Chaney v. Cmty. Hospice of Baldwin Cty., 2019 U.S. Dist. LEXIS 19951, at *13-14, 2019 WL 489115, at *5 (S.D. Ala. Feb. 7, 2019). Because Mitchell has already named Wise Construction as a Defendant, it is both unnecessary and redundant to include "Ron" and "Mr. Wise" as defendants under Title VII, the ADEA, and the ADA. For this reason, and because Mitchell's complaint fails to state any viable claim for employment discrimination regardless of the identity of the intended Defendants, any claims Mitchell seeks to raise against any individual Defendants are due to be dismissed.

### E.    Leave to Amend.

Notwithstanding the Court's instructions in its order of December 8, 2020 detailing the precise deficiencies in the first amended complaint that Mitchell needed to cure in order to avoid dismissal, Mitchell filed a second amended complaint that fails to cure those deficiencies and fails to state a claim for relief. Indeed, Mitchell has disregarded the Court's instructions and repeated many of his prior complaint's most easily correctable errors. Because Mitchell has been notified of his pleading deficiencies and given ample time and opportunity to correct them, but has not done so, the undersigned recommends that the Court

dismiss Mitchell's second amended complaint without granting further leave to amend.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the undersigned **RECOMMENDS** that Wise Construction's motion to dismiss (Doc. 13) be **GRANTED,** and that Mitchell's second amended complaint (Doc. 9) be **DISMISSED** without further leave to amend.

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **21st** day of **April, 2021.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
